United States District Court
Southern District of Texas
**ENTERED**
April 30, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MONGO WILLIAMS, | § | |
| TDCJ # 01269681, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-361 |
| | § | |
| WARDEN DANHEIM, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mongo Ja'barr Williams, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), proceeds *pro se* and *in forma pauperis*. Plaintiff filed an amended complaint (Dkt. 10-1) and, as instructed by the Court, has supplied a more definite statement of his claims (Dkt. 18). Because Williams is a prisoner proceeding *in forma pauperis,* the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings. The Court must dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b), § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I. **BACKGROUND**

In this lawsuit, Plaintiff alleges that Defendant Joseph Davis, a lieutenant at the

Darrington Unit, denied him adequate medical care in connection with an injury to Plaintiff's ankle. He also alleges that Defendant James Danheim, a warden at Darrington Unit, violated Plaintiff's rights during the administrative grievance process.

Williams injured his left ankle on December 30, 2014 in the chow hall at TDCJ's Darrington Unit. Williams states that a table fell on another inmate causing that inmate to fall into him, which then caused him to stumble and injure his ankle (Dkt. 10-1, at 4). He claims that his ankle made a "pop" sound and he felt a sharp pain in his foot (*id.*). He went to the unit infirmary, where he received a non-aspirin painkiller:

> I tried to exit towards the chow hall's door. An officer told me to sit down. Food Service Manager Sgt. Micah Sim III helped me to the infirmary. As I stood by the infirmary door for about 5 minutes, Lt. Joseph Davis came and took me inside and took a picture of my feet. I was given some non-aspirin then I was told to leave. I was never given any ice or crutches for my swollen ankle.

(*id.*). Plaintiff received the painkiller from Patricia Brown, who apparently is a nurse in the infirmary (Dkt. 18, at 2) ("I was not properly treated by the V/N named Ms. Patricia Brown. I was only given a few non-aspirin, and was told to leave, limping, out of the infirmary"). Plaintiff maintains that prison officials should have given him an ice pack and crutches because his ankle was throbbing, swollen, and hard to stand on (*id.*). In response to the Court's questions about the extent of his injury, he stated that never received a diagnosis for his ankle and received no other treatment related to the incident (*id.* at 2-3).[1] Regarding the harm he suffered because of the alleged denial of medical

---

[1] Plaintiff currently is treated for rheumatoid arthritis, which he estimates was diagnosed in 2016, more than a year after the incident at issue in this lawsuit (*id.* at 4).

care, Plaintiff explained as follows:

> I suffered "great pain" in both my ankles. But my left ankle hurt[] the most. And it was swollen a lot more than my right ankle. I had to leave my footwear untied just so no pressure was applied to it. *I was in great pain the whole time I left the chow hall until I reached the cell where I was confined to*.

(*id.* at 6) (emphasis added).

Plaintiff names Lieutenant Davis as a defendant in this suit. In response to the Court's questions regarding Davis' personal involvement in the relevant events, Plaintiff explains that he specifically requested ice and crutches from Davis while in the infirmary after his injury, but that Davis told him that he could walk and that Plaintiff "limped out" of the infirmary after Davis left him there (*id.* at 4-5). Based on these facts, he alleges that Davis denied him "treatment for [his] serious medical need" (*id.* at 4).

Plaintiff also brings a claim against Warden James Danheim in connection with Plaintiff's administrative grievance regarding the incident (Dkt. 10-1, at 3). Plaintiff states that he filed Grievance No. 2015068412, in which he complained about his ankle pain and the denial of his request for crutches (Dkt. 18, at 7). By Plaintiff's description of the response he received, TDCJ officials denied the grievance after they investigated and found "no evidence" to support Plaintiff's claim that he was denied access to medical services, noting that Plaintiff had received medical attention immediately after the injury (*id.* at 7-8). Plaintiff alleges that Danheim violated his rights when he "took the job as warden" at the Darrington Unit and signed off on the denial of Plaintiff's grievance (*id.* at 8).

## II. STANDARD OF REVIEW

As required by the PLRA, the Court screens this case to determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b), § 1915(e)(2)(B). A district court may dismiss a complaint as frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. . . . A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

A dismissal for failure to state a claim is governed by the same standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under this standard, the Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (internal citations and quotation marks omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger*, 404 F.3d at 373.

## III. ANALYSIS

### A. Official Immunity

Defendants Davis and Danheim were, at all relevant times, TDCJ officials. A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015); *Moore v. La. Bd. Of Elem. And Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

Plaintiff seeks nominal, compensatory, and punitive damages. To the extent he brings any claims for money damages against Defendants in their official capacities, the state is immune under the Eleventh Amendment. The claims therefore will be dismissed for lack of jurisdiction.

B.  **Plaintiff's Claims for Relief**

Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. See *Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

1.  **Medical Claims**

Plaintiff alleges that Davis violated his right to receive adequate medical care. Because Plaintiff was, at all relevant times, a convicted felon in state prison, his claims regarding medical care are governed by the Eighth Amendment. To state a claim under the Eighth Amendment, a plaintiff must demonstrate that the defendant exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner must show "objective exposure to a substantial risk of serious harm." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). He also must show that the defendant acted, or failed to act, with deliberate indifference to the risk. *Id*. at 345-46. A defendant's personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and a defendant's

conduct. *See Delaughter v. Woodard*, 909 F.3d 130, 136-37 (5th Cir. 2018).

The deliberate indifference standard has both objective and subjective components. The plaintiff must show that: (1) the prison official was aware of facts from which the inference of an excessive risk to the prisoner's health and safety could be drawn; and (2) the official actually drew that inference. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa*, 807 F.3d at 665. Even poor professional judgment or medical malpractice do not rise to the level of "deliberate indifference" necessary to show a constitutional violation. *Harris*, 198 F.3d at 159.

In this case, according to Plaintiff's statement of the relevant facts, he received medical attention in the unit infirmary shortly after his ankle was injured. Defendant Davis photographed his ankle and a nurse gave him non-aspirin painkillers (Dkt. 10-1, at 4; Dkt. 18, at 2). Plaintiff alleges that that he specifically requested ice and crutches from Davis, but that Davis denied his request and told him that he could walk (Dkt. 18, at 5). Given that Davis apparently is a correctional officer rather than medical personnel, it is likely that the infirmary nurse who dispensed non-aspirin painkillers, rather than Davis, made the medical judgment not to dispense ice or crutches.[2] In any event, Plaintiff's

---

[2] The nurse is not a defendant in this action.

disagreement with prison officials' decision not to provide a particular treatment (in this case, ice and crutches) does not state a claim under the Eighth Amendment. *See Estelle*, 429 U.S. at 107 (a determination about whether a certain form of treatment is indicated "is a classic example of a matter for medical judgment").

Plaintiff does not allege that Davis denied Plaintiff access to medical services, and his pleadings demonstrate that he received prompt medical attention for his injury. *See Rogers*, 709 F.3d at 410. His allegations fail to state a claim that Davis objectively exposed him to a "substantial risk of serious harm" when Davis sent him back to his cell without ice or crutches. *See Gobert*, 463 F.3d at 345.[3] He also has not alleged that Davis was aware of any such risk to Plaintiff's health or safety, nor that he acted or failed to act with deliberate indifference to the risk. *See Hinojosa*, 807 F.3d at 665; *Gobert*, 463 F.3d at 345-46. Even if Plaintiff could demonstrate that Davis' actions or omissions were negligent, such a showing would be insufficient under Eighth Amendment standards. *Hinojosa*, 807 F.3d at 665.

Because Plaintiff's complaint and more definite statement fail to state a claim upon which relief can be granted under the Eighth Amendment, his claim against Defendant Davis will be dismissed under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

### 2. Grievance Processing

Plaintiff's only claim against Warden Danheim is that Danheim served as warden

---

[3] Taking all allegations of Plaintiff against Davis as true, any pain allegedly caused by Davis' denial ended when Plaintiff reached his cell. When asked to identify the harm he suffered as a result of Davis' denial of ice and crutches, Plaintiff stated that he was in "great pain the whole time [he] left the chow hall until [he] reached the cell" (Dkt. 18, at 6).

of the Darrington Unit at the time of the incident that Plaintiff injured his ankle and that Danheim signed a response to Plaintiff's administrative grievance about the medical care he received (Dkt. 10-1, at 3; Dkt. 18, at 7-8). The Court construes Plaintiff's allegations as bringing a claim under the Due Process Clause.

To the extent Plaintiff alleges that Danheim violated his constitutional rights because he denied Plaintiff's administrative grievance, or signed off on the denial of the grievance, his claim fails. A prisoner has no constitutional interest in having grievances resolved to his satisfaction. *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th Cir. 2014); *Geiger*, 404 F.3d at 373-74. Because Plaintiff was able to file grievances and receive a response from prison officials with written justification for their actions, he has not stated a claim for relief under the Due Process Clause. *Stauffer*, 741 F.3d at 587.

To the extent Plaintiff brings a claim against Danheim based on the bare fact that he was warden at the time of the incident, the claim also fails. Absent personal involvement in a constitutional violation, supervisory liability cannot state a claim for relief under Section 1983. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006).

Because Plaintiff has failed to state a valid claim for relief against Defendant Danheim, his claim will be dismissed under 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

IV. **CONCLUSION**

For the reasons stated above the Court **ORDERS** that Plaintiff's complaint (Dkt. 10-1) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**The Clerk will provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov**.

SIGNED at Galveston, Texas, this 30th day of April, 2019.

_____
George C. Hanks Jr.
United States District Judge